# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 23, 2021

No. 19-20045

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellant*,

*versus*

BRENDA RODRIGUEZ,

*Defendant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-222-1

Before ELROD, WILLETT, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

The United States brings this appeal under the collateral-order exception to 28 U.S.C. § 1291. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546–47 (1949) (noting that § 1291 generally limits our jurisdiction to review district courts' "final decisions," but inferring an exception for orders that "finally determine claims of right separable from, and collateral

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated"). The Government asks us to use the collateral-order doctrine to reverse the district court's order barring a particular Assistant United States Attorney from appearing in the case.

We apply the collateral-order doctrine "with the utmost strictness in criminal cases." *United States v. Emakoji*, 990 F.3d 885, 889 (5th Cir. 2021) (quotation omitted). As our court has explained multiple times, the Supreme Court has applied the doctrine to only three classes of criminal appeals—and we have rarely strayed beyond them. *See, e.g.*, *United States v. Valencia*, 940 F.3d 181, 183 (5th Cir. 2021) (listing "motions to reduce bail, motions to dismiss on double jeopardy grounds, and motions to dismiss under the Speech or Debate Clause" (quotation omitted)). This case is not one of the exceptions to § 1291 that the Supreme Court has recognized.

Accordingly, the appeal is DISMISSED. We express no view on the merits of the Government's arguments or the lawfulness of the district court's order.